UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
(at London)

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent/Plaintiff, | ) | Civil Action No. 6: 13-7258-DCR-CJS |
| | ) | Criminal Action No. 6: 06-100-DCR |
| V. | ) | |
| | ) | |
| BOBBY J. JONES, | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Movant/Defendant. | ) | |

*** *** *** ***

This matter is pending for consideration of the Report and Recommendation of United States Magistrate Judge Candace J. Smith, issued May 22, 2013. [Record No. 43] In relevant part, the Magistrate Judge recommends that Defendant/Movant Bobby J. Jones' motion to vacate, set aside, or correct his sentence [Record No. 33] be denied. Having considered this matter, the Court will adopt the Magistrate Judge's Report and Recommendation and dismiss Jones' habeas motion.

While this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which an objection is made, 28 U.S.C. § 636(b)(1)(c), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Moreover, a party who fails to file objections to a Magistrate Judge's proposed findings of fact and recommendation waives the right to appeal.

*See United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008); *Wright v. Holbrook*, 794 F.2d 1152, 1154-55 (6th Cir. 1986). Nevertheless, having examined the record and having made a *de novo* determination, the Court agrees with the Magistrate Judge's recommendations concerning the relief requested by Jones.[1]

As outlined in the Report and Recommendation, Jones pleaded guilty to being a felon in possession of a firearm on October 20, 2006. Because he had been convicted previously of: (1) wanton endangerment in the first degree; (2) escape in the second degree on two occasions; and (3) assault in the first degree, Jones was sentenced to an enhanced term of incarceration of 180 months under the Armed Career Criminal Act. Jones appealed his sentence but was unsuccessful. And because he did not seek review by the United States Supreme Court, his sentence became final on March 6, 2008.

Jones' present motion was filed on February 2, 2013. He contends that he no longer qualifies as an armed career criminal under *Begay v. United States*, 553 U.S. 137 (2008), and that the holding in *Begay* applies retroactively under *Jones v. United States*, 689 F.3d 621 (6th Cir. 2012). However, as correctly noted in the Report and Recommendation of Magistrate Judge

---

1 After Jones filed his motion pursuant to 28 U.S.C. § 2255, Magistrate Judge Smith entered an Order which directed a response by the government. Additionally, the Order directed the defendant to promptly notify the Clerk of the Court of any change of his mailing address. Jones was further warned that his failure to notify the clerk of any change of address could result in dismissal of his case. [Record No. 34] A review of the docket sheet for this action indicates that the Magistrate Judge's Report and Recommendation was mailed to Jones on May 22, 2013. However, that mailing was returned as undeliverable on June 3, 2013. According to the clerk's notation, the defendant has not provided an updated address. Notwithstanding that failure, the clerk determined that Jones may be located at the federal correctional institution in Butner, North Carolina. An additional copy of the Report and Recommendation was mailed to that location on June 3, 2013. However, as of this date, Jones has neither filed objections to the Report and Recommendation nor requested an extension of time to submit objections. The Court, therefore, proceeds to evaluate his claim without the benefit of a response to the Magistrate Judge's evaluation and recommendations concerning his claims.

Smith, even if Jones' assertions are correct, his claims are nevertheless time-barred. The Antiterrorism and Effective Death Penalty Act ("ADEPA") contains a one-year statute of limitations to motions filed under 28 U.S.C. § 2255 under the circumstances presented here. *See* 28 U.S.C. § 2255(f)(3). And as the Supreme Court has indicated, the one-year limitations period commences on the date on which that Court recognizes the new right – not the date on which the right is held to be retroactive. *Dodd v. United States*, 545 U.S. 353, 357 (2005). Thus, the key date here is the date on which *Begay* was decided (*i.e.*, April 16, 2008) rather than date on which *Jones* was issued by the Sixth Circuit (*i.e.*, July 31, 2012). Therefore, the request for habeas relief was filed nearly four years too late.[2]

And as Magistrate Judge Smith has outlined, Jones has not demonstrated any basis for equitable tolling of the statute of limitations. [Record No. 43, pp. 6-7] Not only has he failed to argue that he is entitled to equitable tolling, an independent review of the record does not indicate a basis for such an argument.

Finally, the Court determines that a Certificate of Appealability should not issue regarding the issues raised in Jones' habeas motion.[3] Accordingly, it is hereby

---

[2] Even if the Court considers the decision in *Chambers v. United States*, 555 U.S. 122 (2009), to be the operative date for purposes of determining the commencement of the applicable one-year statute of limitations, Jones' § 2255 motion would be over three years too late.

[3] A Certificate of Appealability may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite substantial showing of the denial of a constitutional right, "a petitioner who has been denied relief in a district court 'must demonstrate that the issues are debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further.'" *Lozada v. Deeds*, 498 U.S. 430, 432 (1991) (emphasis and brackets in original) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893, n.4 (1983)). Here, Jones has not made a substantial showing of a denial of a constitutional right. Likewise, he has not demonstrated that the issues he now seeks to raise are debatable among jurists of reason or that the questions are adequate to deserve encouragement to proceed further.

**ORDERED** as follows:

1. The Report and Recommendation of United States Magistrate Judge Candace J. Smith [Record No. 43] is **ADOPTED** and **INCORPORATED** by reference.

2. The motion to vacate, set aside, or correct Defendant/Movant Bobby J. Jones' Sentence [Record No. 33] is **DENIED** and this matter is **DISMISSED** from the Court's docket.

3. The Court declines to issue a Certificate of Appealability regarding any issue raised in Jones' motion for habeas relief.

4. A final and appealable Judgment will be issued this date.

This 13th day of June, 2013.

**Signed By:**
***Danny C. Reeves*** DCR
**United States District Judge**